IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE PENN MUTUAL LIFE INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | NO. 09-CV-0663 |
| RODNEY REED 2006 INSURANCE TRUST, et al., | : : : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**Joyner, J.**                                                                                     **May 17, 2010**

Before the Court is Plaintiff's Motion to Dismiss Defendant Rodney Reed 2006 Insurance Trust's ("the Trust") Counterclaims (Doc. No. 28), and responses thereto (Doc. Nos. 34, 35). For the reasons set forth in this Memorandum, Plaintiff's Motion is denied.

**I. BACKGROUND**[1]

Plaintiff, The Penn Mutual Life Insurance Company ("Penn Mutual"), filed this action for declaratory judgment against Defendants. Plaintiff believes that the insurance policy

---

[1] In line with a Fed. R. Civ. P 12(b)(6) Motion to Dismiss, all factual allegations are viewed in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal citations omitted).

procured by Defendants was not secured for legitimate purposes and thus seeks to have the policy declared to be void due to lack of insurable interest at inception or as a result of material misrepresentations in the insurance application.  In response, the Trust has asserted counterclaims for declaratory relief and breach of the duty of good faith and fair dealing.  Plaintiff now moves to dismiss Defendant's counterclaims.

On August 10, 2006, Rodney Reed established the Trust to purchase and maintain a life insurance policy on his life.  The Trust is statutory and organized pursuant to the laws of Delaware.  On August 30, 2007, Plaintiff issued a life insurance policy ("the Policy") to the Trust.  In the application for the Policy ("the Application"), Reed was listed as the "Proposed Insured."  The Trust was identified as the owner of the Policy and the primary beneficiary of the Policy.  The Policy issued was a Flexible Premium Life Insurance Policy with a "total death benefit" of two million dollars.  The Policy states that it, "will be incontestable after it has been in force during the life of the Insured for two years from the Date of Issue" and that, "[n]o statement will void this policy or be used to contest a claim under it unless the statement is contained in a written application, a copy of which is attached to and made a part of the policy."

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if the plaintiff has failed to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In evaluating a motion to dismiss, the court must take all well-pleaded factual allegations as true, but it is not required to blindly accept "a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 283 (1986); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Although a plaintiff is not required to plead detailed factual allegations, the complaint must include enough facts to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Merely pleading facts consistent with liability is not sufficient; the plaintiff must plead facts which permit the court to make a reasonable inference that defendant is liable.  Id. at 570.

In evaluating a motion to dismiss, courts can consider the allegations of the complaint, exhibits attached to the complaint, matters of public record, and any undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on the document.  Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir. 2004); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.

1993). When the court considers documents outside of these, it generally must convert the motion to dismiss into a summary judgment motion. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court can consider a "'document integral to or explicitly relied upon in the complaint.'" Id. (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).

### III. Discussion

**A. Counterclaim Count I - Declaratory Relief**

Plaintiff moves to dismiss Count I of Defendant's Counterclaims on the ground that it is identical to its own claim for declaratory relief. Count I of Defendant's Counterclaims seeks declaratory relief pursuant to 28 U.S.C. §§ 2201-2202. The Trust seeks to have the Policy declared in full force and seeks a judicial determination that Plaintiff is bound by the conduct of its agents, including any misrepresentations in connection with the Application or issuance of the Policy. Defendant further seeks a judicial determination that any alleged fraud or misrepresentation committed by Plaintiff's agents in connection with the Application or issuance of the Policy are properly imputed to Plaintiff. Plaintiff's claim for declaratory relief seeks to rescind the Policy by having it declared void *ab initio* for lack of insurable interest or reliance on material

misrepresentations.

Where there is a "complete identity of factual and legal issues" between the parties' respective requests for declaratory judgment a court may dismiss the counterclaim for declaratory judgment. Aldens, Inc. v. Packel, 524 F.2d 38, 51-52 (3d Cir. 1975); Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust, 674 F. Supp. 2d 562, 566 (D. Del. 2009).  However, a court should dismiss such a counterclaim only when there is no doubt that it will be rendered moot by adjudication of the main action. Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust, 674 F. Supp. 2d at 566.

To the extent that Defendant seeks a declaration that an insurable interest existed at the inception of the Policy, its counterclaim must be dismissed because it presents no unique issues of fact or law.  See Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust, 674 F. Supp. 2d at 566-67.  However, Defendant also seeks additional declarations about the conduct of Plaintiff's agents and Plaintiff's liability for any fraudulent activity by its agents.  These questions present additional questions of fact and law for determination by the Court which are not duplicative of Plaintiff's claims.  Therefore, the Court must allow Defendants' claim for declaratory judgment to stand.

**B. Counterclaim Count II - Breach of Duty of Good Faith and Fair Dealing**

Count II of Defendant's Counterclaims asserts a breach of the duty of good faith and fair dealing. Defendant alleges that Plaintiff has failed to deal with the Trust in good faith by bringing this law suit and ignoring established Delaware law. Defendant further alleges that Plaintiff breached its duty by seeking to rescind the Policy based on information that Plaintiff did not seek in the Application. Plaintiff argues that Defendant cannot bring this claim because Defendants have not identified any actionable conduct on the part of Plaintiff.

Delaware law recognizes that the implied covenant of good faith and fair dealing applies to insurance contracts. Dunlap v. State Farm Fire and Casualty Co., 878 A.2d 434, 441-42, 444 (Del. 2005). The covenant of good faith and fair dealing requires a party to a contract to refrain from unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the agreement. Id. at 442. While the case law which examines breaches of the covenant of good faith and fair dealing in the insurance context often focuses on bad faith refusal to pay insurance proceeds, Delaware has recognized that this covenant can be breached in other insurance circumstances as well. Id. at 442-43. The covenant of good faith and fair dealing implied in all contracts includes duties

other than just the duty to promptly process and play claims. Id. at 444.

The Trust has adequately plead a claim for breach of the duty of good faith and fair dealing. The Policy's incontestability provision states, "[n]o statement will void this policy or be used to contest a claim under it unless the statement is contained in a written application, a copy of which is attached to and made a part of the policy." Defendant has alleged that Plaintiff has relied on several representations which are not contained in the Application and thus constitute a breach of the duty of good faith and fair dealing. Defendant has also alleged that Plaintiff breached its duty because it has no reasonable basis to attempt to rescind the Policy. These allegations are sufficient to withstand a motion to dismiss. If Plaintiff in fact had no good faith basis for bringing this lawsuit, it could potentially be liable for a breach of the duty of good faith and fair dealing. See Dunlap v. State Farm Fire and Casualty Co., 878 A.2d 444-45 (Del. 2005).

## IV. Conclusion

For the forgoing reason, Plaintiff's Motion to Dismiss Defendant's Counterclaims is denied.

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| THE PENN MUTUAL LIFE INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | NO. 09-CV-0663 |
| RODNEY REED 2006 INSURANCE TRUST, et al., | : : : | |
| Defendants. | : | |

## ORDER

AND NOW, this 17th day of May, 2010, upon consideration of Plaintiff's Motion to Dismiss Defendants' Counterclaims (Doc. No. 28), and responses thereto (Doc. Nos. 34, 35), for the reasons set forth in the attached Memorandum, it is hereby ORDERED that the Motion is DENIED.

                                        BY THE COURT:


                                        s/J. Curtis Joyner
                                        J. CURTIS JOYNER, J.