IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PENN MUTUAL LIFE INS. CO., :
:
        Plaintiff, : CIVIL ACTION
:
v. : NO. 09-CV-0663 (JCJ)
:
RODNEY REED 2006 INS. TRUST, :
et al., :
:
        Defendants. :

## MEMORANDUM AND ORDER

Joyner, J.                                         April 25, 2011

Pending before the Court are Plaintiff's Motion to Compel and for Sanctions (D.I. 97), the response in opposition thereto (D.I. 109), and Plaintiff's reply in further support thereof (D.I. 117).[1] For the reasons set forth in this Memorandum, the Court grants the Motion in part and denies it in part.

## I. BACKGROUND

In this action, Plaintiff Penn Mutual is seeking a declaratory judgment that a policy of life insurance that it issued to the Rodney Reed 2006 Insurance Trust is invalid because it is a stranger-originated life insurance (STOLI) policy. Plaintiff alleges "misrepresentations in the policy application concerning the intention of the involved persons in applying for

---

[1] After considering the parties' written submissions, the Court concluded that oral argument was unnecessary. See generally Local R. Civ. P. 7.1.4.

1

the Reed Policy[ and] the purpose of the Reed Policy"; Plaintiff believes that the Defendants and others orchestrated a "multi-layered, sham 'trust' arrangement . . . in an attempt to mask the fact that the Reed Policy was obtained for the purpose of selling it to stranger investors." (Pl.'s Opening Br. 1.)

During discovery, Plaintiff requested, among other things, (1) that the GIII Accumulation Trust produce the original, amended, and second amended GIII Trust Agreements, the original and amended GIII Origination Agreements, and their exhibits, drafts, and related documents and correspondence; (2) that Defendants the Rodney Reed 2006 Insurance Trust and Christiana Bank & Trust Company, as trustee of the Rodney Reed 2006 Insurance Trust, produce a competent Rule 30(b)(6) designee for deposition; (3) that the Rodney Reed 2006 Family Trust produce a competent Rule 30(b)(6) designee for deposition; and (4) that the GIII Trust produce a competent Rule 30(b)(6) designee for deposition. When the GIII Trust refused production of the above-mentioned documents and Plaintiff was unsatisfied with the responses of the Rule 30(b)(6) witnesses, Plaintiff filed this Motion to Compel and for Sanctions.

## II. STANDARD OF REVIEW AND GOVERNING LAW

The Federal Rules of Civil Procedure provide for the discovery of any nonprivileged matter relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. However, "even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 529 (D. Del. 2002); see also Fed. R. Civ. P. 26(b)(2)(C)(iii).

Pursuant to Rule 30(b)(6), a party may name a corporation or other entity as a deponent, "describ[ing] with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . [, to] testify about information known or reasonably available to the organization." Id. "A Rule 30(b)(6) designee is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access." State Farm Mut. Auto.

3

Ins. Co. v. New Horizont, Inc., 250 F.R.D. 203, 216 (E.D. Pa. 2008) (internal quotation marks omitted). "Therefore, a corollary to the corporation's duty to designate a Rule 30(b)(6) witness is that the corporation must prepare its designee to be able to give binding answers on its behalf . . . [and] perform a reasonable inquiry for information that is noticed and reasonably available to it." Id. (internal quotation marks omitted). "If 'a deponent fails to answer a question asked under Rule 30,' or provides an answer that is 'evasive or incomplete,' then a motion to compel the deposition testimony may be filed." Id. at 214 (quoting Fed. R. Civ. P. 37(a)(3)(B)(i),(a)(4)). "[I]f a Rule 30(b)(6) witness [wa]s asked a question . . . that seeks information not reasonably available to the corporation," however, "the witness need not answer the question." Id. at 216.

### III. DISCUSSION

#### A. Production of documents from the GIII Trust

Nonparty the GIII Trust contends that its trust and origination agreements, as well as their exhibits, drafts, and related documents and correspondence, are irrelevant and unduly burdensome to produce. This Court disagrees. The GIII Trust is the owner of the beneficial interest in the Reed policy and allegedly acted on behalf of stranger investors seeking to benefit from Mr. Reed's death as part of a STOLI scheme with

Defendants. Thus, the requested documents-which this Court finds <u>are</u> responsive to the subpoena-appear reasonably calculated to lead to the discovery of admissible evidence. Moreover, there is no indication that production of these documents would be unduly burdensome. Accordingly, the GIII Trust must produce them, and Plaintiff is entitled to continue its deposition of the GIII Trust after review of such documents, to the extent that the documents provide new and relevant information.

## B. **Rule 30(b)6) witnesses**

### 1. For the Insurance Trust and Christiana Bank

Defendants the Rodney Reed 2006 Insurance Trust and Christiana Bank & Trust Company, the latter as trustee of the Insurance Trust, designated Cedric Strother, a trust officer with Christiana Bank, to represent them under Rule 30(b)(6). Among the deposition testimony that Plaintiff is challenging is Strother's response that he lacked knowledge about the circumstances surrounding the formation and purpose of the Insurance Trust. (Pl.'s Opening Br. 9-10 (citing Strother Dep. 175:23-177:24, 180:17-21, 244:11-16, 270:3-13, Pl.'s Mot. Ex. F).) Defendants respond that this information is not within their knowledge; according to them, Strother is the Christiana Bank employee most knowledgeable about administration of the Insurance Trust and has had primary responsibility for

administering the Insurance Trust since its formation in 2006, and neither Strother nor anyone else within Defendants' control could reasonably determine what took place before formation of the Insurance Trust, when Christiana Bank had not yet been appointed trustee. (Defs.' Br. 11-12; Strother Aff. ¶¶ 2-3, D.I. 111.) Likewise, Strother disclaimed knowledge as to another entity, Park Venture Advisors. (Pl.'s Opening Br. 11 n.9 (citing Strother Dep. 150:13-18); Defs.' Br. 12.)

Although Strother's (and thus Defendants') disclaimer of knowledge may appear suspicious (including to a factfinder evaluating the parties' credibility at a subsequent stage of this litigation), the Court must accept it at this juncture; the Court cannot compel Defendants to produce a witness to testify to such matters when Defendants attest that no such witness exists. Should Defendants later attempt to provide evidence inconsistent with their current position, however, this Court will entertain a motion for sanctions. See State Farm, 250 F.R.D. at 213 n.6 ("[I]f a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reasons for the change." (internal quotation marks omitted)).

In contrast, Plaintiff notified Defendants with particularity that it would be seeking information regarding their relationship with Rodney Reed. (Pl.'s Dep. Notice Ex. A, at 2-3, Pl.'s Mot. Ex. D.) Strother nonetheless professed no knowledge as to how Christiana Bank became involved with Rodney Reed. (Strother Dep. 170:12-19, 173:6-12, Pl.'s Mot. Ex. F.) It is beyond dispute that a Rule 30(b)(6) "deponent has a duty of being knowledgeable on the subject matter identified as the area of inquiry." Novartis Pharms. Corp. v. Abbott Labs., 203 F.R.D. 159, 162 (D. Del. 2001) (internal quotation marks omitted); accord Donald M. Durkin Contracting, Inc. v. City of Newark, No. 04-0163, 2006 U.S. Dist. LEXIS 68221, at *15 (D. Del. Sept. 22, 2006) (stating that the "30(b)(6) designee . . . had an affirmative obligation to be prepared on the noticed topics so that she could give complete, knowledgeable, and binding answers on behalf of the party"). Thus, "the duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other sources to obtain responsive information." Costa v. County of Burlington, 254 F.R.D. 187, 189 (D. N.J. 2008) (internal quotation marks omitted).

Although Defendants' explanation for their professed ignorance is less than clear, Defendants seemingly contend that Strother had no duty to learn this information because it related to "Christiana Bank in its individual capacity" rather than as "trustee of the Insurance Trust." (Defs'. Br. 13 & n.7.) The Court disagrees. Thus, Defendants must produce a witness competent to respond to questions concerning how Christiana Bank became involved with Rodney Reed and the Insurance Trust. See generally Ethypharm S.A. France v. Abbott Labs., 271 F.R.D. 82, 92 (D. Del. 2010) ("[W]here a company fails to provide sufficient evidence why it would not have access to the basic information of its affiliate(s), that information is presumed to be known or reasonably available to the corporation." (internal quotation marks omitted)). To the extent that Defendants cannot produce such a witness, this Court will entertain a motion for sanctions.

Plaintiff also challenges Strother's professed ignorance of "[w]ho is counsel to the trust." (Pl.'s Opening Br. 10 (citing Strother Dep. 256:18-20, Pl.'s Mot. Ex. F).) Defendants respond that this answer was "most likely the result of an ambiguity in the question" and state that they "are willing to supplement Mr. Strother's response to this question to eliminate any confusion." (Defs.' Br. 12 n.6.) As the Court agrees that a substantive answer was within Defendants' realm of knowledge and should have

been provided to this question, Defendants are directed to provide Plaintiff with an affidavit properly responding to the question.

### 2. For the Family Trust

In addition to being the designee of the Insurance Trust and Christiana Bank, Cedric Strother was the designee of the Rodney Reed 2006 Family Trust. In this capacity, Strother disclaimed knowledge as to the formation and purpose of the Family Trust, as well as alleged involvement of the GIII Trust and other entities. (Pl.'s Opening Br. 12-14 (citing Strother Dep., Pl.'s Mot. Ex. H).) Defendants assert, as they did with the Insurance Trust, that Strother is the individual most knowledgeable about the Family Trust and that these subjects are outside the knowledge of the Family Trust. (Defs.' Br. 15-16; Strother Aff. ¶¶ 2-3, D.I. 111.) As explained supra Section III.B.1, the Court must take Strother (and thus the Family Trust) at his word at this juncture, though sanctions may be imposed for subsequent changes in position and a factfinder may ultimately consider the professed ignorance to be incredible.

### 3. For the GIII Trust

The GIII Trust designated Jose Mercado, "an employee of Wells Fargo, the trustee[] of GIII," who "had primary responsibility for administering GIII at all times relevant to

this action" and who is the "Wells Fargo employee most knowledgeable about the administration of GIII," as its Rule 30(b)(6) witness. (Defs.' Br. 16-17 (citing Mercado Aff. ¶ 2, D.I. 110).) Among other things, Plaintiff challenges Mercado's professed lack of knowledge as to the roles of various entities involved in the transactions at issue. (Pl.'s Opening Br. 16 (citing Mercado Dep., Pl.'s Mot. Ex. J).) As explained <u>supra</u>, the Court must take Mercado at his word when he says that neither he nor anyone else at the GIII Trust has knowledge of these areas.

To the extent that Mercado knew but simply forgot at his deposition the "particulars" of how GIII was presented with the opportunity to acquire a beneficial interest in the Insurance Trust, who determined the offer price, and who designated the recipient of the purchase price, as well as whether Joseph Capital identified the Insurance Trust for potential acquisition by GIII, however, (Defs.' Br. 17-18), Plaintiff is entitled to supplemental responses and the GIII Trust must provide Plaintiff with them. Moreover, as discussed <u>supra</u> Section III.A, Plaintiff is entitled to continue its deposition of GIII after review of the origination and trust agreements, and their exhibits, drafts, and related documents and correspondence, which this Court is ordering be produced.

## C. Sanctions

Plaintiff cites to Federal Rules of Civil Procedure 37(a)(5)(A) and 45(e) and to Local Rule 1.3(a) in support of its request for sanctions.

Rule 37(a)(5)(A) provides for attorneys' fees and costs when a motion to compel is granted in its entirety or the requested discovery is produced after the motion is filed. Fed. R. Civ. P. 27(a)(5)(A). However, such sanctions are not permitted when "(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id. "[T]he imposition of sanctions for abuse of discovery under Fed. R. Civ. Pro. 37 is a matter within the discretion of the trial court." Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995) (internal quotation marks omitted).

Attorneys' fees and costs are not warranted under the circumstances. Significantly, Plaintiff's motion was only granted in part. See Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." (emphasis added)); Belmont Holdings Corp. v. Unicare Life & Health Ins. Co., No. 98-2365, 2000 WL 1920039, at *2 (E.D. Pa. Dec. 1, 2000) ("An inability to fully

11

testify on all topics set forth in a 30(b)(6) notice is not tantamount to a complete failure of the corporate designee to appear that would justify sanctions.").

As for Rule 45(e), "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). Courts have noted, however, that "[b]efore sanctions can be imposed under Fed. R. Civ. P. 45(e), there must be a court order compelling discovery." Kant v. Seton Hall Univ., No. 00-5204, 2009 WL 5033927, at *1 (D. N.J. Dec. 14, 2009). No such order exists here. Sanctions under Rule 45(e) are inappropriate.

Finally, Local Rule 1.3(a) simply gives the Court discretion to award costs and fees. For the reasons above, this Court declines to award them.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel and for Sanctions is granted in part and denied in part.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE



note:

| | |
|---|---|
| PENN MUTUAL LIFE INS. CO., | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 09-CV-0663 (J |
| RODNEY REED 2006 INS. TRUST, et al., | : |
| Defendants. | : |

## ORDER

AND NOW, this 25th day of April, 2011, upon consideration of Plaintiff's Motion to Compel and for Sanctions (D.I. 97), the response in opposition thereto (D.I. 109), and Plaintiff's reply in further support thereof (D.I. 117), and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART as follows:

1) Plaintiff's motion to compel the GIII Accumulation Trust to produce the original, amended, and second amended GIII Trust Agreements, the original and amended GIII Origination Agreements, and their exhibits, drafts, and related documents and correspondence is GRANTED.

2) Plaintiff's motion to compel Defendants the Rodney Reed 2006 Insurance Trust and Christiana Bank & Trust Company, as trustee of the Rodney Reed 2006 Insurance Trust, to produce a competent Rule 30(b)(6) designee for deposition is GRANTED IN PART AND DENIED IN PART:

a) The motion to compel responses to questions concerning actions taken prior to formation of the Insurance Trust, and the purposes thereof, is denied.

b) Defendants must produce a witness competent to testify as to how Christiana Bank became involved with Rodney Reed and the Insurance Trust.

c) Defendants must supplement the response concerning who serves as counsel to the Insurance Trust.

3) Plaintiff's motion to compel the Rodney Reed 2006 Family Trust to produce a competent Rule 30(b)(6) designee for deposition is DENIED.

4) Plaintiff's motion to compel the GIII Trust to produce a competent Rule 30(b)(6) designee for deposition is DENIED.

5) Plaintiff's request for attorneys' fees and costs is DENIED.

BY THE COURT:

J. CURTIS JOYNER, J.